STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION; VIRGINIA ELECTRIC AND POWER COMPANY; THE TOWN OF ROBERSONVILLE; MARTIN COUNTY; AND MARTIN COUNTY ECONOMIC DEVELOPMENT COMMISSION v. EDGECOMBE-MARTIN COUNTY ELECTRIC MEMBERSHIP CORPORATION

No. 691OUC347

(Filed 27 August, 1969)

1. **Electricity § 2;    Utilities Commission § 7—    assignment of same electric service area to two suppliers**

In this proceeding for the assignment of electric service areas pursuant to G.S. 62-110.2(c)(1), the Utilities Commission did not exceed its statutory authority in assigning an area jointly to two electric suppliers.

2. **Electricity § 2; Utilities Commission § 7—    assignment of same electric service area to two suppliers**

Order of the Utilities Commission assigning an electric service area to an electric membership corporation for loads up to 150 KW demand and jointly to the electric membership corporation and an electric power company for higher contract demands, *is held* not to violate the constitutional rights of the electric membership corporation or the consuming public.

3. **Electricity § 2; Utilities Commission § 7 —    assignment of electric service areas to two suppliers — maximum individual assignment — necessity for findings of fact**

In this proceeding for the assignment of electric service areas wherein the Utilities Commission assigned certain areas to an electric membership

corporation for loads up to 150 KW and jointly to the electric membership corporation and an electric power company for contract demands of 150 KW or greater, portion of the Commission's order establishing a 150 KW load as the maximum of the individual assignment to the electric membership corporation is arbitrary and must be reversed where the Commission made no findings of fact to justify such 150 KW maximum.

4. **Evidence § 33; Electricity § 2; Utilities Commission § 7 — assignment of electric service areas — opinion testimony as to preference of industry for private power companies — hearsay evidence rule**

In this proceeding before the Utilities Commission for the assignment of electric service areas, the hearsay evidence rule was not violated by the admission of opinion testimony that industrial consumers generally prefer to be served by a private power company, where the witnesses were expressing their opinion which had been formed from the totality of their experience and were not undertaking to relate someone else's statements.

APPEAL by Edgecombe-Martin County Electric Membership Corporation from an order of the North Carolina Utilities Commission entered 13 January 1969.

Commissioner Williams drafted the order which was concurred in by Chairman Westcott and Commissioners Eller, McDevitt and Biggs.

Pursuant to Commission Rules Edgecombe-Martin Electric Membership Corporation (hereinafter referred to as EDGECOMBE-MARTIN), Halifax Electric Membership Corporation (hereinafter referred to as HALIFAX), and Virginia Electric and Power Company (hereinafter referred to as VEPCO) filed a joint application requesting assignment to them under G.S. 62-110.2(c)(1) of areas in Martin County in accordance with their joint application.

G.S. 62-110.2(c)(1), which was enacted in 1965, provides as follows:

"In order to avoid unnecessary duplication of electric facilities, the Commission is authorized and directed to assign, as soon as practicable after January 1, 1966, to electric suppliers all areas, by adequately defined boundaries, that are outside the corporate limits of municipalities and that are more than 300 feet from the lines of all electric suppliers as such lines exist on the dates of the assignments; provided, that the Commission may leave unassigned any area in which the Commission, in its discretion, determines that the existing lines of two or more electric suppliers are in such close proximity that no substantial avoidance of duplication of facilities would be accomplished by assignment of such area. The Commission shall make assignments of areas in accordance with public convenience and necessity, considering, among other things, the location of existing lines and facilities of electric suppliers and the adequacy and dependability of the

service of electric suppliers, but not considering rate differentials among electric suppliers."

The County of Martin, the Martin County Economic Development Commission, and the Town of Robersonville were permitted to intervene. Each of the intervenors protested the assignment to EDGECOMBE-MARTIN of a small area near the Town of Robersonville. This small area lies within and along the edge of a larger area which EDGECOMBE-MARTIN, HALIFAX and VEPCO had agreed in their joint application should be assigned to EDGECOMBE-MARTIN. The protested area is described as follows:

"Description of Area which Petitioner Town of Robersonville Requests Remain Unassigned

"Lying approximately 1 mile east of the Town of Robersonville, having as its western boundary the eastern boundary of the area which the applicants in this cause request remain unassigned and beginning at the point where the northern and eastern boundaries of such requested unassigned area meet: thence in a straight line to the point where distribution line of Edgecombe-Martin County Electric Membership Corporation crosses S.R. 1159 and continuing approximately 500 feet beyond such crossing in a continuation of such straight line to a point; thence in a straight line approximately south to the junction of U. S. Highway 64 and S.R. 1152; thence in a generally southeasterly direction along the eastern right of way line of S.R. 1152 to its junction with S.R. 1151 and the eastern boundary of the area which applicants request be unassigned; thence with said unassigned area boundary line to the point and place of BEGINNING."

The intervenors alleged that the highest and best use of the above-described land is ". . . for commercial and industrial development purposes because of the topography and drainage of the land, the location of transportation facilities by highway, rail and air, the close proximity to Robersonville and the ability to obtain municipal water and sewer services."

The Commission assigned all of the areas in accordance with the joint application except the above-described area which it assigned as follows: "The protested area described in Exhibit 1, hereto attached, is assigned to EDGECOMBE-MARTIN for purposes of loads up to 150 kw demand; all loads with contract demand of 150 kw or greater are assigned jointly to VEPCO and EDGECOMBE-MARTIN, subject to consumer's reasonable choice of supplier . . . ."

From the entry of this portion of the order EDGECOMBE-MAR-

TIN appealed. HALIFAX is not concerned in the protested area and has not participated in this appeal.

*Crisp, Twiggs & Wells, by William T. Crisp for Edgecombe-Martin Electric Membership Corporation, appellant.*

*Joyner, Moore & Howison, by R. C. Howison, Jr., for Virginia Electric and Power Company, appellee.*

*Peel & Peel, by Elbert S. Peel, for County of Martin and the Martin County Economic Development Commission, appellees.*

*Paul D. Roberson for the Town of Robersonville, appellee.*

*Edward B. Hipp and Larry G. Ford for North Carolina Utilities Commission.*

BROCK, J.

Our decision in *State of North Carolina, ex rel. Utilities Commission, and Virginia Electric and Power Company v. Woodstock Electric Membership Corporation and North Carolina Electric Membership Corporation*, which was filed the same day as this, is dispositive of the primary questions raised in this appeal.

Appellant contends here, as in the *Woodstock Electric* case, that in assigning the controverted area to EDGECOMBE-MARTIN only for loads of less than 150 KW demand, and by assigning the same area to both EDGECOMBE-MARTIN and VEPCO for higher contract demands, subject to consumer choice ". . . the Commission (A) exceeded its statutory authority, (B) acted arbitrarily and capriciously, and (C) violated the constitutional rights of both EDGECOMBE-MARTIN and the consuming public."

[1, 2] In *Woodstock Electric, supra,* we ruled that the Commission did not exceed its statutory authority in making an assignment of an area jointly to two electric suppliers. And here, as in *Woodstock Electric, supra,* we hold that no constitutional rights are involved.

[3] Without setting out the lengthy findings of fact by the Commission, we merely point out that the Commission made no findings of fact to justify setting a limit of 150 KW as the load level below which EDGECOMBE-MARTIN was individually assigned the area. In *Woodstock Electric, supra,* the load level for the individual assignment was set at 400KW, and we held there that the Commission had failed to find facts to justify the setting of that limit. The same questions are left unanswered in this case. For the failure of facts to justify the establishment of a limit of 150 KW below which EDGE-

COMBE-MARTIN was individually assigned the area, the order appealed from is arbitrary and must be reversed.

[4]    Additionally, appellant assigns as error the admission of testimony bearing upon the preference of industrial consumers to be served by a private power company. The witnesses had each had experience in site locations for industry and the factors considered by industry in selecting a site. Each stated in effect that in his opinion, industries generally preferred electrical service by a private power company over electrical service by a municipality or an electric membership corpora- tion. Appellant contends that the admission of this testimony violated the rule of evidence which prohibits the admission of hearsay testimony. Obviously, in the totality of their experience in this field, these witnesses had at times conversed and corresponded with officers and agents of industrial concerns, and had read brochures and reports, but they were not undertaking by their testimony to relate someone's statements. Their testimony was an expression of their opinions which had been formed from the totality of their experience; the factors that influenced the formation of their respective opinions bear upon the weight to be given to the testimony, not its admissibility. These assignments of error are overruled.

For the reasons stated above, and the reasons more fully set out in the *Woodstock Electric* case, *supra*, the order of the Commission is reversed and this cause is remanded for such further proceedings as may be appropriate.

Reversed and Remanded.

CAMPBELL and MORRIS, JJ., concur.